# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF PLYMOUTH, OCTOBER TERM 1868, AT PLYMOUTH.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. HORACE GRAY, Jr., } Justices.
Hon. JOHN WELLS,

---

## COMMONWEALTH vs. JOHN DURFEE.

On the trial of an indictment for adultery, evidence of the criminal act may be corroborated by evidence of previous acts of familiarity between the defendant and his paramour, such as walking and sitting together many times alone.

On the trial of an indictment, if the jury, after the case has been committed to them and they have retired, are allowed, during an adjournment of the court, to disperse, by direction of the judge, upon stating to the officer that they have agreed on and sealed up a verdict, and upon coming into court after such dispersion render a verdict orally without the sealed verdict being opened and read in court, their verdict so rendered is invalid.

INDICTMENT for adultery with Esther Haskins. Trial in the superior court, before *Brigham*, J., who allowed a bill of exceptions of which the following are the material parts:

Samuel B. Bumpas, a witness for the Commonwealth, after testifying to seeing the performance of the criminal act at a par-

ticular place on his farm, was allowed, against the defendant's objection, to testify further as follows : " I have seen the parties walking and sitting together many times at various places on my farm when no other person was with them. I have seen them sitting together under the trees. I have seen them go in the direction of this place. I should think they were not relations." There was no statement in the bill of exceptions of the time to which the testimony quoted had relation ; whether before or after the criminal act testified to, or both before and after it.

" The jury retired at about eight o'clock on the evening of the day of the trial, and by direction of the presiding judge were allowed to disperse, by the officer having them in charge, upon the following morning at about one o'clock, when they had given notice to said officer that they had agreed upon and sealed up their verdict. At nine o'clock on the same morning they came into court and rendered an oral verdict of guilty. The contents of any paper sealed by them were not made known to the defendant or his counsel ; and no sealed verdict was produced or opened. Neither the defendant nor his counsel had notice of the direction of the judge that the jury should be allowed to disperse upon agreeing and sealing up their verdict, or consented to such dispersion ; and before they rendered their verdict the defendant's counsel objected to the taking and recording of it, on the ground and only on the ground that they had separated without his consent and contrary to law."

*P. Simmons,* to the point of the admission of the evidence, argued that it should have been limited to acts of familiarity previous to the commission of the criminal act relied on, and cited *Commonwealth* v. *Merriam,* 14 Pick. 518, and *Commonwealth* v. *Horton,* 2 Gray, 354 ; and to the point of the verdict cited *Sargent* v. *Roberts,* 1 Pick. 342.

*C. Allen,* Attorney General, for the Commonwealth. 1. As circumstantial evidence tending to prove adultery, it is competent to prove previous acts of improper familiarity between the parties, which do not tend to show a distinct act of adultery then committed ; though not competent to prove a previous distinct act of adultery. *Commonwealth* v. *Lahey,* 14 Gray, 91.

*Commonwealth* v. *Thrasher*, 11 Gray, 450. *Commonwealth* **v.** *Horton*, 2 Gray, 354. *Commonwealth* v. *Merriam*, 14 Pick. 518. A jury would be justified in considering it improper familiarity for a married man to walk and sit with an unmarried woman, not related to him, many times, alone, under the trees upon another man's farm; if no good reason for such familiarity, or explanation thereof, was given in evidence. Solitary rambles arm in arm through the garden and plantations were among the circumstances relied on in *Loveden* v. *Loveden*, 2 Hagg. Con. 16. Any act of familiarity is competent; and it is for the jury to judge whether it was improper or not. The court will not assume, upon this bill of exceptions, that the evidence of improper familiarity which was introduced related to any time subsequent to the act of adultery charged. A party alleging exceptions must show affirmatively that there was error. *Commonwealth* v. *Stahl*, 7 Allen, 303. *Lawler* v. *Earle*, 5 Allen, 24. *Hubbell* v. *Bissell*, 2 Allen, 200.

2. In this Commonwealth, a convenient practice has been adopted, authorizing the jury, when they agree during an adjournment of the court, to seal up their verdict and separate, and come in and affirm it at the next opening of the court. *Lawrence* v. *Stearns*, 11 Pick. 501. *Winslow* v. *Draper*, 8 Pick. 170. *Pritchard* v. *Hennessey*, 1 Gray, 294. *Chapman* v. *Coffin*, 14 Gray, 454. This practice has prevailed in criminal cases not punishable by death, or imprisonment for life. There is no rule of law against it, and it is approved and sustained by the weight of modern usage and authority. *State* v. *Engles*, 13 Ohio, 490. *State* v. *Prescott*, 7 N. H. 288. *State* v. *Babcock*, 1 Conn. 401. *People* v. *Douglass*, 4 Cowen, 32–39, and cases cited. *People* v. *Ransom*, 7 Wend. 423. *Davis* v. *State*, 15 Ohio, 72. *Sargent* v. *State*, 11 Ohio, 472. *Reins* v. *People*, 30 Ill. 256. *State* v. *Weber*, 22 Missouri, 324. *The King* v. *Kinnear*, 2 B. & Ald. 462; *S. C. nom. The King* v. *Woolf*, 1 Chit. 461; 1 Bennett & Heard Lead. Crim. Cas. (2d ed.) 496. 1 Bishop Crim. Proc. § 828, note. 1 Archb. Crim. Proc. (Waterman's ed.) 636, note *g*. The practice does not properly depend on the consent of the prisoner. At such a stage of the trial he ought not to be asked

Commonwealth v. Durfee.

to say whether he wil consent or not, since he may fear to prejudice his case by objecting to what may be convenient to the jury. But it properly rests in the sound discretion of the court. See *The King* v. *Kinnear; The King* v. *Woolf; People* v. *Douglass;* above cited. For a further vindication of the practice, on grounds applicable alike to criminal and civil cases, see *Horton* v. *Horton,* 2 Cowen, 589; *Oliver* v. *First Presbyterian Church in Springfield,* 5 Cowen, 284; *Douglass* v. *Tousey,* 2 Wend. 352; *Bunn* v. *Hoyt,* 3 Johns. 255; *Wright* v. *Burchfield,* 3 Ohio, 53; *Sutliff* v. *Gilbert,* 8 Ohio, 405; *Doe* v. *Harrow,* 3 Bibb, 446.

CHAPMAN, C. J. 1. Evidence of an act of adultery may be corroborated by evidence of prior acts of familiarity between the parties. *Commonwealth* v. *Merriam,* 14 Pick. 518. The defendant's exceptions do not show that the acts of familiarity proved in this case were subsequent to the alleged act of . adultery.

2. But the verdict was not regularly rendered. Even in civil cases it is required that, if the jury separate after being sent out, the fact that they agreed before they separated shall be evidenced by a verdict sealed up and brought into court. Less strictness ought not to be tolerated in a criminal case than is is required in a civil case. In this case, the jury separated, and when they came into court the next morning they did not present a sealed verdict, but rendered an oral verdict just as they would have done if they had not separated. It is true that the written verdict which is returned in a civil case is placed on file as the verdict of the jury, while in a criminal case a general verdict is oral. But the permission which is given to the jury to separate in a criminal case is always on condition that before their separation they shall reduce their verdict to writing, signed by their foreman and sealed up. Such appears to have been the direction in this case. We know of no authority or practice allowing them to separate without doing this, except when they are discharged because they cannot agree; or for receiving their verdict after such separation, without having the sealed verdict opened and read in court· nor do we see any reason for relaxing the rule. . *Exceptions sustained.*