# APPENDIX.

---

## ANONYMOUS.

*Practice.   Verdict.*

In any criminal case, (except capital cases and cases where the punishment is imprisonment for life,) any presiding judge may, at his discretion, author- ize a jury, when they agree during an adjournment of the court, to seal up their verdict and separate, and have it opened, read and affirmed when the court comes in, with the same effect as if pronounced orally.

PER CURIAM.

A question has arisen, whether a jury in a criminal case, after agreeing to a verdict during a temporary adjournment of the court, can properly be allowed by the presiding judge to separate till the court opens again, and then render their verdict. The practice has varied in this State. It has been somewhat common, in cases of mere misdemeanor, for a court, without consulting with the respondent or his counsel to permit a jury to do so. The practice, to that extent, may be said to be authorized by law. In the case of felonies, short of those punishable by a life sentence, the practice has not been at all uniform with judges. It is there- fore desirable that some rule should be decided upon, which shall, if possible, be convenient to court and counsel, and not at all prejudicial to the accused.

The ancient strictness of the law, in the treatment of jurors, has been greatly relaxed. Formerly, they were little less than prisoners themselves. In the march of improvement, which has taken place to ameliorate their condition, different courts have adopted different practices. In civil cases the practice has become very general, in this country, to allow a jury to seal up their ver- dict and separate while the court is adjourned. The same method is adopted, in some of the States, in criminal cases. This is based upon the idea found in the old system of rendering privy verdicts, and is an improvement upon that form. Anciently a jury could separate, by imparting privately to the court what the verdict was,

and this was regarded as a sufficient check against fraud or imposition. But, according to the ancient common law, a privy verdict could not be rendered in case of a felony, because of the requirement that the jurors should look upon the prisoner when the verdict is pronounced. That distinction does not seem to us to be an important one. The only binding verdict is the public one given openly in court. It is not perceived why the right of the prisoner, to be face to face with the jurors when a verdict is declared, is not preserved to him if the verdict is in writing. It must be read and affirmed in his presence. The difference to the prisoner, between declaring in his presence an oral verdict and affirming a written one, seems unsubstantial indeed. Besides a jury in a criminal case could always render a special verdict in writing.

Upon the whole, after careful advisement, our conclusion is, that in any criminal case, (except capital cases and cases where the punishment is imprisonment for life,) any presiding judge may, at his discretion, authorize a jury, when they agree during an adjournment of the court, to seal up their verdict and separate, and have it opened, read and affirmed when the court comes in, with the same effect as if pronounced orally. For this purpose, a verdict signed by the foreman, in the following form, or in any other form substantially equivalent thereto, shall be sufficient:

"STATE OF MAINE.

P. —— ss. Supreme Judicial Court,
—— Term, 187

State v. ——

The jury find that the prisoner, (or accused or respondent,) is guilty, (or not guilty,) in manner and form as charged against him in the indictment.

——, *Foreman*."

As bearing upon this subject, see *Guenther* v. *The People*, 24 N. Y., 105; *Lawrence* v. *Stearns*, 11 Pick., 501; *Commonwealth* v. *Durfee*, 100 Mass., 146; Bacon's Ab. & Blackstone's Com. Title, Verdict.