COMMONWEALTH *vs.* EDWARD R. CARRINGTON.

Hampden.     September 22.— October 23, 1874.   MORTON & ENDI-
COTT, JJ., absent.

In a criminal case, not capital, the jury may be authorized by the court, without the
   assent of the defendant, to separate after agreeing upon, signing and sealing up
   a paper in the form of a verdict, and afterwards return a verdict in open court in
   accordance with the result so stated and sealed up.

In a criminal case, not capital, the jury were instructed, that if they should agree on
   a verdict during an intermission, they should seal it up, and then might separate.
   The following paper was handed to them as the form of their verdict: "In case
   of *Commonwealth* v. ———, the jury find defendant guilty or not guilty, as the case
   may be." The foreman of the jury added the word "guilty," signed his name,
   sealed it up, and the jury then separated. On the coming in of the court, the
   verdict sealed up was opened by the clerk, who read it to the jury, and inquired of
   them if their verdict was that the defendant was guilty. They replied that it was.
   *Held,* that a verdict of guilty was properly ordered to be recorded.

COMPLAINT for larceny of a guinea hen.   Trial in the Supe-
rior Court, on appeal, before *Dewey,* J., who allowed a bill of
exceptions in substance as follows :

The jury not having agreed at the time of adjournment of the
morning session, the presiding judge directed the officer, that if
the jury should agree on a verdict before the afternoon session,
they should seal up the same and bring it in at the afternoon ses-
sion, and directed the officer to tell the jury to return a verdict of
guilty or not guilty, according as they might agree, and to have
it signed by the foreman and sealed up ; that then they might
separate and return their verdict when they came into court in the
afternoon.

The officer thereafter wrote, for the direction of the jury, all
that is on the face of the following paper returned by the jury,
except the word " guilty " at the conclusion, and the signature,
" E. B. Haskell, Foreman," which word and signature were writ-
ten by the foreman : " Verdict.   In case of *Commonwealth* vs.
———, the jury find defendant guilty or not guilty, as the case
may be.   Guilty.   Signed, E. B. Haskell, Foreman."   After the
jury had agreed and this paper had been signed and sealed up
with the complaint, the jury separated.   On their return into
court in the afternoon, the defendant being present and all the
jurors, the clerk, by order of the presiding judge, inquired of the

jurors if they had agreed on a verdict in this case, and the foreman replied they had, and handed the envelope to the clerk, who opened the same and read to the jury the paper returned as their verdict, and inquired of them if their verdict in said case was that the defendant was guilty, to which they assented.

The presiding judge ordered said paper to be filed as a verdict, and the clerk to record a verdict of guilty as found by the jury in said case. The defendant objected to the reception of and recording of said paper as a verdict, or of any verdict whatever. The court, overruling said objections, directed the reception and reading of said paper and record thereof and entry of the verdict as above stated. The defendant then moved to set aside the verdict for the following reasons : " 1. Because no proper verdict was rendered by the jury. 2. Because, before any verdict was rendered, the jury had separated without the consent of the defendant. 3. Because, after the jury had retired, the officer wrote for their direction the paper returned by the jury as their verdict, and gave it to them with directions that they should return a verdict of guilty or not guilty, as they might agree, and to leave it signed by the foreman and sealed up." This motion was overruled, and the defendant alleged exceptions.

*A. L. Soule & E. H. Lathrop*, for the defendant. 1. The jury should have received instructions as to the method of returning their verdict from the court only, unless the defendant assented to instructions through the officer. The court cannot delegate such authority to a third person to be exercised out of its presence.

2. The jury should not have been allowed to separate without the consent of the defendant.

3. The paper returned by the jury was filed as the verdict, and must be the verdict of record ; and the inquiry by the clerk, " If their verdict in said case was that the defendant was guilty," was improper. An oral verdict, after the jury had separated, could not be received.

4. The verdict does not find that the defendant was guilty. The verdict without the interrogatory by the clerk and the response thereto would not be intelligible : and was not open to explanation or interpretation by the jury after they had separated.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. This bill of exceptions presents the question whether in a criminal case, not capital, the jury may be authorized by the court, without the consent of the defendant, to separate after agreeing upon, signing and sealing up a paper in the form of a verdict, and afterwards return a verdict in open court in accordance with the result so stated and sealed up.

The tendency of modern decisions has been to relax the strictness of the ancient practice which required jurors to be kept together from the time they were empanelled until they returned their verdict or were finally discharged by the court.

In civil cases, the jury are never kept together at the intermissions of the sittings of the court pending the trial; and it is well settled that, after the case is finally committed to them, they may be allowed by the court to separate, if they first agree upon and seal up their verdict, and afterwards affirm it in open court; and that if their verdict, when opened, does not cover all the issues upon which they are to pass, the case may be recommitted to them and a verdict subsequently rendered will be good. *Winslow* v. *Draper,* 8 Pick. 170. *Pritchard* v. *Hennessey,* 1 Gray, 294. *Chapman* v. *Coffin,* 14 Gray, 454. But if, upon returning into court, one of the jurors dissents from the verdict to which all had agreed out of court, it cannot be recorded. *Lawrence* v. *Stearns,* 11 Pick. 501.

In capital cases, indeed, the uniform practice in this Commonwealth has been to keep the jury together from the time the case is opened to them until their final discharge.

But the practice is equally well settled, and in accordance with the decisions elsewhere, that pending a trial for a misdemeanor the jury may be permitted by the court, without the consent or knowledge of the defendant, to separate and go to their homes at night, without vitiating their verdict. *The King* v. *Woolf* 1 Chit. 401; *S. C. nom. The King* v. *Kinnear,* 2 B. & Ald. 462. *McCreary* v. *Commonwealth,* 29 Penn. St. 323.

If the jury in a case of misdemeanor are allowed, without the consent of the defendant, to separate after the case is finally committed to them by the court, and before the verdict is returned, the verdict cannot be recorded, unless it clearly appears that the verdict was not influenced by anything that took place during the

separation. It was accordingly held that where the jury were allowed by the judge to disperse upon stating to the officer they had agreed on and sealed up a verdict, and upon coming into court rendered an oral verdict, without any sealed verdict being produced or opened or its contents made known to the defendant or his counsel, the verdict was invalid. *Commonwealth* v. *Durfee*, 100 Mass. 146. *Commonwealth* v. *Dorus*, 108 Mass. 488.

But when all possibility of improper influences is excluded by conclusive evidence that the jury arrived at and reduced to writing before their separation the same result which they afterwards announced in open court, the verdict may be received and recorded. *State* v. *Engle*, 13 Ohio, 490. *State* v. *Weber*, 22 Misso. 321. *Reins* v. *People*, 30 Ill. 256.

In the case at bar, the form of the written verdict is absurd, and, considered as a verdict, (if written verdicts were ever allowable in criminal cases,) could not be sustained. But the word "guilty" and the signature of the foreman, both written by him, taken in connection with the directions of the court under which the paper was written and sealed up, which was afterwards returned and opened in court, proved beyond a doubt that the jury, before they separated, arrived at the same result, which they afterwards orally announced in due form when inquired of by the clerk in open court. The judge might therefore lawfully direct a verdict of guilty to be recorded. *Exceptions overruled.*