COMMONWEALTH *vs.* CORNELIUS TOBIN.

Suffolk. June 25, 29. — July 18, 1878.

In a case of felony, the verdict must be pronounced by the foreman in open court; and it is not sufficient for the foreman to hand a written verdict to the clerk, and for the latter to read it to the jury, and tc tell them to hearken to their verdict as the court has recorded it.

If a verdict is improperly rendered in a criminal case, and, for this reason, a motion for a new trial is filed the same day, the order of the court overruling this motion is a decision upon a question of law, which may be brought to this court by a bill of exceptions, under the Gen. Sts. *c.* 115, § 7.

INDICTMENT for manslaughter. After verdict of guilty in the Superior Court, the defendant, on the same day, moved to set aside the verdict for the following reasons: "1. Because the proceedings in regard to the rendition of the verdict and separation of the jury were irregular and illegal. 2. Because no proper and correct verdict was rendered by the jury. 3. Because, after the case was given to the jury, and before any verdict was rendered, they had separated without the knowledge or consent of the defendant."

The motion was overruled by *Gardner*, J., who allowed a bill of exceptions, stating the facts that appeared upon the hearing of the motion, as follows:

The jury retired to consider their verdict during the morning session of the court, and at the time of the adjournment of the court in the afternoon they had not agreed. The judge adjourned the court, and, when on his way from the bench to the lobby and within two minutes after the formal adjournment of the court, instructed the officer in charge of the jury, without the knowledge or consent of the defendant or his counsel, that if the jury agreed before the coming in of the court, on the following morning, he might permit them to seal up their verdict, separate, and return with their verdict into court at the opening thereof in the morning. The jury thereafter, and about six o'clock that evening, agreed upon a verdict of guilty, which the foreman wrote into a printed blank, signed and sealed up with the other papers in the case, in the presence of all the jury. The foreman then informed the officer that the jury had agreed. The officer asked if they had sealed up their verdict, to which the foreman answered, "Yes." The officer then said, "You may separate, and return into court tomorrow morning at half-past nine o'clock." The jury separated, the foreman taking the sealed verdict with him.

At the opening of the court the next morning, all the members of the jury, the defendant and one of his counsel were present in court. The clerk was directed by the court to take the verdict. The clerk called the defendant by name. The clerk then said, "Gentlemen of the jury, have you agreed upon your verdict?" The foreman answered, "We have," and handed, by the officer, a sealed envelope to the clerk. The clerk broke the

seal, and took therefrom and read to the jury the paper which is copied in the margin,* and which was all printed, except the word " guilty " and the signature, which were written by the foreman. The clerk then said : " Gentlemen of the jury, hearken to your verdict as the court has recorded it. You, upon your oaths, do say that the prisoner at the bar is guilty. So you say, Mr. Foreman, and so, gentlemen, you all say."

The above is all that was said. The foreman, after he had sealed the verdict as above stated, kept the same in his possession until he delivered it to the clerk, when the verdict was returned, and he testified that it had not been opened. The defendant and his counsel knew that the jury had separated after the adjournment of the court; but, as to all the other above facts, they were ignorant.

The case was argued at the bar, and was afterward submitted on additional briefs to all the judges.

*T. Riley & C. T. Russell, Jr.,* for the defendant.

*W. C. Loring,* Assistant Attorney General, ( *C. R. Train,* Attorney General, with him,) for the Commonwealth.

GRAY, C. J. By the law of England, in cases of felony, the only verdict allowed was a public verdict pronounced by the foreman in open court, and in the presence of the prisoner. In prosecutions for misdemeanors, and in civil cases, although the jury were permitted to separate upon giving a privy verdict orally to the judge out of court, yet such verdict was of no force unless afterwards affirmed by an oral verdict given publicly in court, and the only effectual and legal verdict was the public

---

* Commonwealth of Massachusetts.

Suffolk, ss.

Superior Court for the Transaction of Criminal Business.

March Term, 1878.

Commonwealth *vs.* Cornelius Tobin.

In the above entitled case, the jury say, that the defendant is *guilty,* and this is their verdict.　　　　　　　(Signed.)　　*John Salmon,* Foreman.

INSTRUCTIONS BY THE COURT.

The above blank may be filled with the word ' Guilty,' or the words ' Not guilty,' as the jury may find the defendant to be one or the other. It is then to be *signed* by the foreman and *sealed up* in an envelope with the other papers in the case, *before* the jury separate.

verdict. 3 Bl. Com. 377. 4 Bl. Com. 360. 1 Chit. Crim. Law 635, 636.

In this country, by way of substitute for a privy verdict, and to attain the same end of allowing the jury to separate after they have come to an agreement, a practice has been adopted in civil actions, and in cases of misdemeanors, at least, if not of all but capital crimes, of directing the jury, if they should agree during the adjournment of the court, to sign and seal up their finding, and come in and affirm it at the next opening of the court; but the verdict which determines the rights of the parties, and is admitted of record, and upon which judgment is rendered, is the verdict received from the lips of the foreman in open court. When the jury have been permitted to separate after agreeing upon and sealing up a verdict, there is this difference between civil and criminal cases: In a civil action, if the written verdict does not pass upon the whole case, or the jury refuse to affirm it, the court may send them out again, and a fuller or different verdict afterwards returned will be good. But in a criminal case, the oral verdict pronounced by the foreman in open court cannot be received, unless it is shown to accord substantially with the form sealed up by the jury before their separation. *Lawrence* v. *Stearns*, 11 Pick. 501. *Pritchard* v. *Hennessey*, 1 Gray, 294. *Commonwealth* v. *Townsend*, 5 Allen, 216. *Commonwealth* v. *Durfee*, 100 Mass. 146. *Commonwealth* v. *Carrington*, 116 Mass. 37. *Dornick* v. *Reichenback*, 10 S. & R. 84. *Lord* v. *State*, 16 N. H. 325.

By the settled practice in this Commonwealth, the course of proceeding upon the return of the jury into court in a criminal case is as follows : The clerk asks the jury if they have agreed upon their verdict. If the foreman answers that they have, the clerk then asks whether they find the defendant guilty or not guilty. The foreman answers, " Guilty," or " Not guilty." The clerk then makes on the back of. the indictment a minute of the verdict so returned, and, having done this, says to the jury, " Gentlemen of the jury, hearken to your verdict as the court has recorded it. You, upon your oaths, do say that the prisoner at the bar is guilty," (or "not guilty.") " So you say, Mr Foreman, and so, gentlemen, you all say."

The question of the clerk, whether the jury have agreed upon their verdict, and the answer of the foreman that they have, are merely preliminary, and do not show what the verdict is. The form of verdict signed and sealed up by the jury has no weight or effect, except to preclude the idea of the jury having been influenced in arriving at their oral verdict by anything that has occurred in the interval between their separation and their return into court. *Commonwealth* v. *Carrington*, 116 Mass. 37, 40. The final declaring of the verdict by the clerk assumes it to have been already rendered by the jury and recorded by the court, and is intended to proclaim the actual and formal decision of the jury as understood by the court, and to enable any misapprehension in the record of that decision to be corrected by the jury before they are discharged. *Rex* v. *Parkin*, 1 Moody, 45. *The Queen* v. *Vodden*, Dearsly, 229 ; *S. C.* 6 Cox C. C. 226. Any or all of these precautions for making sure that the verdict expresses the deliberate conclusion of the jury cannot of themselves constitute a verdict, or dispense with the return of a verdict in proper and legal form.

The law requires the double safeguard against mistake: 1st, the delivery of the verdict by the foreman as the organ of the jury, by word of mouth, in open court, under the sense of responsibility attending such an utterance in the face of the court and of the public, and, in a case of felony, of the accused ; and, 2d, the proclamation by the clerk of that verdict, as understood and recorded by the court. The fact that in this Commonwealth the defendant is not entitled or permitted, as he is in England and in many states, to have the jury polled, makes it peculiarly important for the security of his rights to adhere to the established forms, remembering the words of Chief Justice Shaw, " In this respect it is true that forms are substance." *Commonwealth* v. *Roby*, 12 Pick. 496, 514, 515.

In the case at bar, after the jury, upon their return into court, had been asked whether they had agreed upon their verdict, and the foreman had answered that they had, the form of verdict which had been signed and sealed up before the jury separated was silently delivered by the foreman to the clerk, and was opened and read by the clerk to the jury. The clerk thereupon told the jury (in the words accustomed to be used after a verdict

has been pronounced by the foreman and minuted by the clerk) to hearken to their verdict as the court had recorded it. And the bill of exceptions states that "the above is all that was said."

In *Commonwealth* v. *Carrington*, already cited, upon which the attorney general principally relies, the bill of exceptions stated that, before the verdict was recorded, the clerk asked the jury if their verdict was that the defendant was guilty, to which they assented ; and, although the precise form in which such inquiry and response were expressed was not set forth in the bill of exceptions, it was assumed, both by the counsel and by the court, that an oral verdict had been returned in due form, if any such verdict could be received after the jury had separated and had brought in a sealed verdict.

But, in the present case, it distinctly appears that when the clerk told the jury to hearken to their verdict as recorded, no legal or effectual verdict had been returned by the jury, and they had not been asked, nor, in any form of words, orally and publicly stated, what their verdict was ; and that, after they had been told that a verdict of guilty had been recorded, they simply said nothing. A verdict which has never been spoken by the jury cannot be implied from the mere omission of the jury to contradict the statements of the clerk, or from the silence of the prisoner and his counsel.

The verdict received and recorded by the court not being a legal verdict, it was the right of the defendant, upon his motion filed on the same day, to have it set aside. The order of the Superior Court, overruling this motion and denying him this right, was a decision upon a question of law which could not have been raised before verdict, and was therefore a proper subject of a bill of exceptions. Gen. Sts. c. 115, § 7.

As, for these reasons, the defendant, in the opinion of a majority of this court, is entitled to a new trial, it is unnecessary to consider whether the instructions given by the judge to the officer after the court had adjourned, and in the absence of the defendant and his counsel, or those communicated to the jury by the novel, and, so far as we are informed, unprecedented method of printing them on a blank form of verdict, legally justified the separation of the jury before they returned into court.

*Exceptions sustained.*