## COMMONWEALTH *vs.* MORRIS COSTELLO.

Suffolk.   November 24, 1879. — January 7, 1880.

In a case of felony, not capital, the jury may be authorized by the court, without express assent of the defendant, after the case has been finally committed to them, to separate upon signing and sealing up a form of verdict, and to deliver their verdict orally upon the next coming in of the court.

In a criminal case, not capital, the jury were instructed that, if they agreed after the adjournment of the court, the foreman should sign and seal up a statement of the verdict agreed upon, and return their verdict in the morning.  The jury agreed upon their verdict after the adjournment of the court, and separated. After the jury had returned into court the next morning, and the written form of verdict had been handed by the foreman to the clerk and read, the jury were asked by the clerk if they had agreed upon their verdict, to which the foreman answered that they had, and that they found the defendant guilty, and thereupon the verdict was affirmed in the usual form.  *Held,* that the verdict was duly returned.

INDICTMENT on the Gen. Sts. *c.* 163, § 11, for rescuing a prisoner from the lawful custody of a police officer.   After a verdict of guilty in the Superior Court, the defendant moved to set aside the verdict for the following reasons: " 1. Because the proceedings in regard to the rendition of the verdict and separation of the jury were irregular and illegal.   2. Because no proper and correct verdict was rendered by the jury.   3. Because, after the case was given to the jury, and before any verdict was rendered, they had separated without the knowledge or consent of the defendant."

The motion was overruled by *Dewey,* J., who allowed a bill of exceptions, stating the facts that appeared upon the hearing of the motion, as follows:

The jury retired to consider their verdict during the afternoon session of the court, and, at the time of the adjournment of the court for the day, they had not agreed.   About eight o'clock that evening they agreed upon a verdict, and so informed the officer having charge of them, and thereupon they separated for the night.   At the time they retired to consider the case, the judge directed them that, if they had not agreed at the time of the adjournment of the court that day, but agreed after the adjournment, the foreman should sign a statement of their verdict as agreed, seal up the same, and return their verdict in the

morning. The verdict, as stated in the writing returned to the court, was signed and sealed up as directed before the jury separated.

At the opening of the court the next morning, all the members of the jury and the defendant being present, the defendant, upon learning the above facts, and before the jury had returned their verdict, objected to the reception and recording of the verdict, because of the separation of the jury, without his knowledge or consent, after the case was given to them, and before rendering their verdict in court. The clerk was directed by the court to take the verdict, which was taken in the following manner: The written verdict was handed by the foreman to the clerk, and read, and the clerk inquired of the jury if they had agreed upon their verdict, to which the foreman answered they had, and that they found the defendant guilty; whereupon the clerk stated the verdict, that the jury found the defendant guilty, and asked the jury if they all so said, to which they assented.

*T. Riley*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

GRAY, C. J. The offence of which the defendant has been convicted, being punishable by imprisonment in the state prison, is a felony. Gen. Sts. *c.* 163, § 11; *c.* 168, § 1. But in this Commonwealth, by long established usage, it is not essential, in the case of any offence under the degree of a capital crime, that the jury should be kept together from the time the case is opened to them until their final discharge. It is every day's practice, in cases of felonies not punishable with death, as well as of misdemeanors, to allow the jurors to separate at the intermissions of the court pending the trial. And in both classes of cases juries have been authorized by the court, without express assent of the defendant, after the case has been finally committed to them, to separate upon signing and sealing up a form of verdict, and to deliver their verdict orally upon the next coming in of the court.

In *Commonwealth* v. *Durfee*, 100 Mass. 146, a case of adultery, (which was a felony, Gen. Sts. *c.* 165, § 3,) this was assumed to be the law; and the exceptions were sustained solely because the paper signed and sealed up by the jury before they separated was not read in court, and it did not therefore appear that their

oral verdict accorded with the result upon which they had agreed before their separation. In *Commonwealth* v. *Carrington*, 116 Mass. 37, although the conviction was of a misdemeanor only, the decision proceeded upon the broad ground that in any criminal case not capital the jury might be authorized by the court, without the consent of the defendant, to separate after agreeing upon, signing and sealing up a paper in the form of a verdict, and afterwards return an oral verdict in open court in accordance with the result so stated and sealed up ; and the cases of *McCreary* v. *Commonwealth*, 29 Penn. St. 323, and *State* v. *Engle*, 13 Ohio, 490, cited in the opinion, were cases of felony. See also *Commonwealth* v. *Tobin*, 125 Mass. 203, 206 ; *Anon.* 63 Maine, 590.

If the court could not lawfully allow the jury to separate without the consent of the defendant, it is at least doubtful whether such consent could cure the difficulty. *The King* v. *Woolf*, 1 Chit. 401, 420 ; *S. C. nom. The King* v. *Kinnear*, 2 B. & Ald. 462, 464. *Peiffer* v. *Commonwealth*, 15 Penn. St. 468, 470.

In the case at bar, after the jury had returned into court, and the written form of verdict had been handed by the foreman to the clerk and read, the jury being asked by the clerk if they had agreed upon their verdict, the foreman answered, not only that they had, but also that they found the defendant guilty, and thereupon the verdict was affirmed in the usual form. This oral delivery of the verdict by the foreman as the organ of the jury in open court distinguishes the case from that of *Commonwealth* v. *Tobin*, 125 Mass. 203.        *Exceptions overruled.*