## COMMONWEALTH *vs.* JOHN R. WALSH.

Suffolk.  Nov. 21, 1881. — Jan. 3, 1882.  MORTON & ENDICOTT, JJ., absent.

> At the trial of an indictment in one count for an assault with a knife, with intent to kill and murder, the jury, upon retiring, were instructed, if they did not agree upon a verdict before the court adjourned for the day, to reduce it to writing, seal it up, and return it into court the next morning. The jury agreed upon their verdict after the court had adjourned, and, on the coming in of the court on the next day, a sealed verdict in the following form was handed to the clerk: "In the above entitled case the jury say the defendant is guilty on the first count of an assault, not guilty on the second count." The clerk read this paper in open court, and then inquired of the jury in the usual form whether they found the defendant guilty or not guilty. The foreman replied as follows, to which all the jury assented: "Guilty of an assault with a knife, without the intent to kill and murder." The verdict in this form was affirmed, received and recorded. *Held,* that it did not conclusively appear that the jury before separating found the defendant guilty of the same crime of which they declared him to be guilty by their oral verdict; and that the verdict must be set aside.

INDICTMENT in one count, charging the defendant, on March 5, 1881, at Boston, with an assault with a dangerous weapon, to wit with a knife, with intent to kill and murder. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows :

The jury retired to consider their verdict, with the direction, if they did not agree upon a verdict before the court adjourned for the day, to reduce their verdict to writing, seal it up, and

return it into court the next morning. The court adjourned for the day before the jury had agreed. Shortly after the adjournment of the court, and before rendering their verdict, the jury separated, and, appearing in court next day, were asked by the clerk in the usual form, if they had agreed upon a verdict. The foreman answered that they had, and handed the clerk a sealed envelope, which, upon being opened, was found to contain the paper which is copied in the margin.*

The clerk read this paper in open court, and then inquired of the jury in the usual form, " What say you, is the defendant guilty or not guilty?" to which the foreman replied, " Guilty of an assault with a knife, without the intent to kill and murder; " and all the jury assented. The verdict was in that form affirmed in open court, and received and recorded against the objection of the defendant, who also objected to the reception of the above written paper as a verdict. But the judge overruled the defendant's objections, so far as to allow said paper to be received; ruled that the oral verdict as uttered by the foreman in open court, and assented to by all the jury, was a legal and proper verdict; and ordered the same to be recorded as such.

The defendant also filed a motion to set aside the verdict for the following reasons: " 1. Because no legal, correct or proper verdict was rendered by the jury in said case. 2. Because after said case was given to the jury for the purpose of considering and rendering a verdict thereon, and before said jury had agreed upon and returned a correct and proper verdict into court in said case, said jury, without the knowledge and consent of said defendant, separated. 3. Because said verdict, as orally rendered and recorded, is not substantially in accord with the form sealed up by the jury before their separation. 4. Because the

---

* Commonwealth of Massachusetts.
Suffolk, ss.
  Superior Court for the Transaction of Criminal Business.
    Commonwealth *vs.* John R. Walsh.
  In the above entitled case the jury say the defendant is guilty on the first count, of an assault, — not guilty on the second count.
    And this is their verdict.
        (Signed,)   Samuel D. Sawin,
                              Foreman.

proceedings in regard to the separation of the jury and the rendition of said verdict were illegal and irregular."

The judge overruled the motion; and the defendant alleged exceptions.

*W. W. Doherty*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

GRAY, C. J. In any case, whether of misdemeanor or of felony, not punishable with death, the jury may be authorized by the court, after the case is finally committed to them, to separate upon signing and sealing up a form of verdict, and to deliver their verdict orally upon the next coming in of the court; and the oral verdict may be received and recorded if all possibility of improper influence in the interval is precluded by conclusive evidence that it accords with the result which they had agreed upon and reduced to writing before their separation; but not otherwise. *Commonwealth* v. *Durfee*, 100 Mass. 146. *Commonwealth* v. *Dorus*, 108 Mass. 488. *Commonwealth* v. *Carrington*, 116 Mass. 37. *Commonwealth* v. *Costello*, 128 Mass. 88. The written form has of itself no weight or effect as a verdict. *Commonwealth* v. *Tobin*, 125 Mass. 203, 205, 207. The question in this case therefore is, Does it conclusively appear by the sealed form of verdict that the jury before separating found the defendant guilty of the same crime of which they afterwards declared him to be guilty by their oral verdict in open court?

An assault with a dangerous weapon is not indeed one of the aggravated assaults enumerated in the act concerning offences against the person. Gen. Sts. *c.* 160. But in the act defining the jurisdiction of police courts it is recognized as in its nature a higher offence than an ordinary simple assault. Gen. Sts. *c.* 116, § 13. And under an indictment for an assault with a dangerous weapon there may be a conviction of an assault without such a weapon. *Commonwealth* v. *Burke*, 14 Gray, 100. *Commonwealth* v. *Lang*, 10 Gray, 11. In the case at bar, the form of verdict signed and sealed up by the jury before separating shows no more than that they found the defendant guilty of an assault, and does not show that they found him guilty of an assault with a dangerous weapon. The oral verdict convicting him of an assault with a knife was therefore improperly received, and must be *Set aside.*