STATE *vs.* GILMAN H. WEBBER.

Sagadahoc.   Opinion March 17, 1897.

*Verdict. Jury. Practice.*

In the case of a misdemeanor the jury agreed during the recess of the court, and were allowed to separate after sealing up their verdict. At the next session of the court their verdict was presented indorsed on the indictment in a sealed wrapper, as follows:—"Guilty, as charged in the indictment. Samuel Strout, Foreman." In response to the usual inquiry and request from the clerk, the jury rendered their verdict of guilty, orally in open court, and the sealed verdict was also affirmed in the usual manner.

*Held;* that the written verdict, though abbreviated in form, being indorsed on the indictment, could only refer to the respondent therein named.

It is unnecessary to determine, however, whether this form should be deemed "substantially equivalent" to the form prescribed in the "*Anonymous*" case, 63 Maine, 590. It was sufficient to prove beyond a doubt that before separating, the jury arrived at the same result which they afterwards announced in open court, and aided by the oral delivery, it was properly accepted by the court.

ON EXCEPTIONS BY DEFENDANT.

The case is stated in the opinion.

*Grant Rogers*, County Attorney, for State.

*C. D. Newell*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, STROUT, JJ.

WHITEHOUSE, J. This was an indictment for maintaining a liquor nuisance. At the usual hour of adjournment in the afternoon the jury were deliberating upon their verdict, and were directed by the court to seal it up when they had agreed, suitable blanks being furnished to the officer in attendance for that purpose. The jury agreed and separated in the evening. The next morning they came into court and in response to the usual inquiry and request from the clerk, stated " that they had no sealed verdict

other than what appeared on the indictment, which was in a sealed wrapper with the following written at the bottom of the indictment, to wit: "Guilty as charged in the indictment. Samuel Strout, Foreman."

Thereupon the jury rendered their verdict of guilty orally in open court, and the verdict of "guilty as charged in the indictment," sealed up by the jury before separating, was affirmed in the usual manner by direction of the court. To this direction that the verdict be affirmed, the respondent took exception.

In the view of this question which has uniformly prevailed in the courts of Massachusetts, the only purpose or effect of the written verdict, signed and sealed up by the jury, is to afford conclusive evidence that the oral verdict delivered in open court is substantially the same as the result recorded in the written form, and that the jury were not influenced in arriving at their oral verdict by anything that occurred after their separation. It is accordingly settled in that state that the delivery of the verdict by the foreman of the jury by word of mouth in the presence of the court, is an indispensable safeguard in all criminal cases. *Commonwealth* v. *Tobin*, 125 Mass. 203.

But a different view has been adopted by our court. In the "*Anonymous*" case reported in 63 Maine, 590, the conclusion is reached after careful advisement that in any criminal case, where the offense is not punishable by imprisonment for life, the presiding judge may authorize the jury to seal up their verdict and separate during an adjournment of the court, and have it opened, read and affirmed at the coming in of the court with the same effect as if pronounced orally; and for this purpose a verdict signed by the foreman in the form there prescribed or in any other substantially equivalent form is declared to be sufficient. In *State* v. *McCormick*, 84 Maine, 566, this conclusion is reaffirmed, and the practice of requiring an oral verdict in addition to the sealed one declared to be a matter of form rather than of substance. Either course is there said to be legal.

In the case at bar both methods appear to have been observed. The written verdict was not the simple word "guilty" on a

separate paper bearing no signature, as in *State* v. *McCormick*, supra. It was indorsed on the indictment itself and duly authenticated by the signature of the foreman of the jury. It was returned in a sealed wrapper and evidently brought to the attention of the court before the oral verdict was delivered. By direction of the court the written verdict was then affirmed. A double safeguard against mistake was thus secured. The written verdict though abbreviated in form, being indorsed on the indictment, could only refer to the respondent therein named. No other party to that proceeding could be found "guilty as charged in the indictment." It is unnecessary to determine, however, whether this form should be deemed "substantially equivalent" to the form prescribed by our court in 63 Maine, supra, and be held sufficient as a written verdict without the aid of the oral delivery. It was sufficient to prove beyond a doubt that, before separating, the jury arrived at the same result which they afterwards orally announced in open court; and it is more regular and satisfactory than the form sustained under like circumstances in the case of a misdemeanor, in *Commonwealth* v. *Carrington*, 116 Mass. 37.

*Exceptions overruled.*