COMMONWEALTH *vs.* ANTHONY E. DELLA PORTA
(and a companion case [1]).

Suffolk.     March 7, 1949. — April 7, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Practice, Criminal,* Verdict.   *Jury and Jurors.*

After the jury in a noncapital criminal case had deliberated and then had been permitted to separate without having reached and sealed up a verdict, it was error to allow them to resume their deliberations the next morning and to receive a verdict of guilty then arrived at, even though no juror had discussed the case with anyone in the interval; and the verdict so received must be set aside.

---

[1] The companion case is the similar case of Commonwealth *vs.* Vincent Sbrogna.

Two COMPLAINTS, received and sworn to in the Municipal Court of the City of Boston on December 18, 1947, and December 19, 1947, respectively.

Upon appeal to the Superior Court, the cases were tried before *Kirk*, J.

*H. F. Callahan*, for the defendant Della Porta.

*W. F. Marcella*, for the defendant Sbrogna.

*J. F. McAuliffe*, Assistant District Attorney, for the Commonwealth.

LUMMUS, J. In these cases, the defendants Della Porta and Sbrogna were charged with buying, receiving and aiding in the concealment of stolen goods, knowing the same to have been stolen, in violation of G. L. (Ter. Ed.) c. 266, § 60. They were found guilty, and excepted to the denial of motions for a new trial based on the facts hereinafter stated.

After the jury had deliberated for nearly or quite eight hours, and were unable to agree as to the guilt of the defendants in these cases, one juror became ill. The officer in charge of the jury reported this to the judge, who directed the officer to dismiss the jury with a warning not to consult with anyone about the case before reporting to the court. The next morning the jury reported a verdict of guilty against a defendant tried with Della Porta and Sbrogna, and a disagreement as to them. The judge asked any juror who had consulted with anyone about the case since the jury were dismissed to raise his hand. No juror raised his hand, and the judge said that he assumed that there had been no such consultation. The judge then directed the jury to resume their deliberations. The defendants Della Porta and Sbrogna excepted. After further deliberation of about five hours the jury brought in verdicts of guilty against Della Porta and Sbrogna, which were received and recorded.

By a familiar practice, in criminal cases, not capital, as well as in civil cases, the jury may be allowed to seal up their verdict and separate, when they agree during an adjournment of the court, and may come in and affirm the verdict at the next opening of the court. *Lawrence* v. *Stearns*,

11 Pick. 501. *Commonwealth* v. *Costello,* 128 Mass. 88. *Commonwealth* v. *Walsh,* 132 Mass. 8, 10. *Commonwealth* v. *Heden,* 162 Mass. 521. In civil cases, where the jury have separated without having agreed upon and sealed up a verdict, they may be allowed to resume their deliberations after an interval, provided it clearly appears that the jurors have not discussed the case with others in the meantime. *Mason* v. *Massa,* 122 Mass. 477, 480. *Spencer* v. *Williams,* 160 Mass. 17, 19. *Charles* v. *Boston Elevated Railway,* 230 Mass. 536, 542. *Dziegiel* v. *Westford,* 274 Mass. 291. *Enga* v. *Sparks,* 315 Mass. 120, 126. *Arena* v. *John P. Squire Co.* 321 Mass. 423, 427, 428.

But in criminal cases, such as the present cases are, a verdict cannot be received after a separation of the jury, unless it is shown to accord substantially with a form sealed up by the jury before their separation. They cannot be allowed to resume their deliberations. *Commonwealth* v. *Durfee,* 100 Mass. 146. *Commonwealth* v. *Dorus,* 108 Mass. 488. *Commonwealth* v. *Tobin,* 125 Mass. 203, 206. *Commonwealth* v. *Walsh,* 132 Mass. 8. We have found no case in which this rule has been relaxed.

In each case the entry will be

*Exceptions sustained.*
*Verdict set aside.*