## STATE OF LOUISIANA *v.* WIDOW H. WALTERS.

In criminal cases the verdict of the jury may be given orally, but whether returned orally, or in writing it must be recorded on the minutes in the English language.

The court cannot after the jury are discharged order the translation into English, of the record of their verdict, which was made in French.

APPEAL from the District Court of the Parish of St John the Baptist, *Lawes*, J. *Jervais Lèche*, for the State. *E. Fillieul*, for defendant and appellant.

VOORHIES, J. The defendant filed, in the lower court, a motion in arrest of judgment, assigning as an irregularity that the verdict was spread in the French language on the minutes of the court.

The jury rendered their verdict, which was recorded as follows: "Coupable, recommandée à la clémence de la cour."

Under Article 100 of the Constitution, the entry should have been made in the English language. In its present form, it is an absolute nullity. 8 L. R. 275, *Dubertrand* v. *Laville*.

There is a difference in the mode of returning a verdict in civil and in criminal causes. In the former there must be a written verdict signed by the foreman; whilst, in the latter, the jury may and generally do give their verdict orally in open court. Whether the verdict be returned orally or in writing, it is necessary that it be recorded on the minutes in the English language.

In the case at bar the court, after discharging the jury and overruling the motion in arrest of judgment, ordered a correction of the minutes by inserting a translation of the verdict. Courts of justice have the undoubted right to correct

the minutes of their proceedings so as to make them conform to the truth. But a translation of the minutes cannot properly be classed as an amendment or correction.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this cause be remanded for a new trial.