GIPSON v. STATE, 38 Miss. R., 295.

### ASSAULT WITH INTENT TO KILL.

If there be any doubt or uncertainty in the language employed by a jury in returning their verdict, the judge may make such inquiry of them as will enable him to ascertain their will and intention, and may order that the verdict thus ascertained be recorded.

Where an accusation includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less atrocious. Whart. Cr. L., § 384. Rev. Code, p. 622, art. 305, § 62. Under an indictment for an assault with intent to kill, the defendant may be convicted of a simple assault.

When the verdict convicts the accused of an offense for which he could be properly tried under the indictment, the unnecessary addition of words descriptive of the offense in point of aggravation, will not vitiate it; and hence, under an indictment for an assault with intent to kill and murder, a verdict of guilty of an assault in the attempt to commit manslaughter will be good; for the verdict is a good finding as to the assault, and the descriptive words may be treated as surplusage.

Error to Warren circuit court. YERGER, J.

Edward Gipson, the plaintiff in error, was indicted for an assault on Jacob Webster, with intent to kill and murder; and was convicted of an assault in the attempt to commit man-

slaughter. The exceptions taken to the verdict of the jury are fully set out in the opinion of the court, together with the facts on which the exceptions are based.[1] The prisoner was convicted of an assault, and was fined by the court in the sum of five hundred dollars, and sentenced to six months' imprisonment in the county jail, and was required to give recognizance, with good security, in the sum of two thousand dollars, to keep the peace and be of good behavior for two years.

From this judgment he prosecutes this writ of error.

*C. L. Buck,* for plaintiff in error.

The indictment in this case was framed under the first clause of art. 18, sec. 8, of the Rev. Code, p. 575. That clause provides, in substance, that to shoot at or attempt to discharge any fire-arms or air-gun at another, wilfully, with intent to kill and murder, shall be punishable, &c., as therein provided. To complete this offense, no battery is necessary. The legislature evidently intended to prevent the unlawful use of fire-arms, by making a mere assault with such a weapon, when the intent was to kill, an offense of the greatest magnitude.

After clearly defining this offense, and making it to depend upon the nature of the weapon used, the legislature, in the same article, proceeds to define another and distinct class of offenses, and say, " or of any ' assault and battery ' upon another with any deadly weapon, or other means likely to produce death, with intent to kill and murder, or to maim, ravish, or rob such other person." Here is created a distinct class of offenses, the guilt of the party being made to depend, not upon an assault merely, but an " assault and battery," with " the intent " to injure the party upon whom the assault and battery is committed. In the preceding class of cases, it is absolutely essential to charge the " intent " correctly, and a variance would be fatal; as, for instance, if the indictment alleged the " intent " to be to kill, &c., A., and the proof showed it was B. against whom the injury was designed. See Jones v. State, 11 S. & M., 315; Morgan v. State, 13 ib., 242; Anthony v. State, ib., 263.

[1] Here followed, in the original report of this case (38 Miss. R., 296), a full statement of the testimony and instructions, which, not being considered by the court, the compiler has thought fit to leave it out.

Where A. was indicted for assaulting, &c., B., with intent to kill him, and the proof showed that B. was shot by A., but the latter intended to shoot C., and not B., and A. was convicted, the verdict was set aside by this court, on the ground that the proof must show the "intent" as laid. If this be correct, how is it possible for a party who is indicted for an assault on A., with "intent" to kill and murder him, to be legally convicted of an assault with intent to commit manslaughter? To punish a class of offenders whose guilt was as great as if an intent existed to injure the wronged party, the legislature has seen proper to create a new offense, and to declare that a party assaulting and beating another, though unintentionally, while the former is engaged in the commission of certain illegal acts, shall be guilty of a felony, and punished as severely as if an intent to injure existed. See Ainsworth v. State, 5 How., 242; Morman v. State, 24 Miss., 54.

The objection to the ruling of the court was made as soon as possible in the motion for a new trial. The indictment for the offense it charged was good; but the objection is, that under the instructions of the court, the jury convicted the defendant of an offense not embraced or charged in the indictment. The instructions being erroneous, and the verdict resulting from them being improper, the motion for a new trial was the proper and only way of correcting the error.

*T. J. Wharton,* attorney general.

It is clearly competent for the court, when there is any doubt or uncertainty in the language employed by a jury in rendering their verdict, to ask them any questions tending to explain the verdict, and to order it to be amended according to the answers of the jury. If the verdict had been entered as at first presented to the court, it is not perceived that the defendant could claim any benefit from the fact that the jury thought the penalty disproportioned to the offense. The court hears the testimony, and while the offense charged is technically made out, the circumstances attending it may not be marked by any great atrocity; the provocation which caused the attempt to kill may have been wanton and gross, and such as would be well calcu-

lated to arouse resentment in a manly and chivalrous bosom. All these things the court considers within the discretion allowed by law, in determining the length of imprisonment the party shall undergo.

The instructions given for the state were correct. Price v. State, 36 Miss., 531; Wesley v. State, 37 Miss., 327. The modification of defendant's instructions by the court were clearly proper, in order to put the jury in possession of correct rules of law as applicable to the facts of the case. Wray's case, 30 Miss., 673; Price v. State, *supra.*

The motion for a new trial was properly overruled. Even if the evidence was conflicting or doubtful, this was a matter for the jury to determine. They have determined it, and with all their sympathies excited for the defendant, they have pronounced him guilty of an assault with intent to commit manslaughter, and their verdict should not be disturbed.

It is clear that, under the indictment, the jury might convict the defendant of a common assault. The charge is an assault with a pistol (a deadly weapon), and shooting with the same with intent to kill and murder. If death had resulted from such shooting, a conviction for manslaughter could be had. Manslaughter is necessarily included in an indictment for murder, and the statute declares that the jury may convict of any offense necessarily included in the one charged in the indictment, whether the same be a felony or a misdemeanor. Hence the verdict was clearly right. Rev. Code, 622, art. 305.

The indictment was sufficient, and the verdict responsive, under the indictment upon which it was framed. Rev. Code, 575, art. 18.

The defendant having gone to trial on the indictment on the plea of not guilty, is precluded from moving to arrest the judgment for the objection now urged, that being a matter which could have been taken advantage of before the trial. Rev. Code, 573, art. 7.

Harris, J.:

The plaintiff in error was indicted in the circuit court of Warren county, for "an assault with intent to kill and mur-

der." The jury returned a verdict as follows: "We, the jury, find the accused guilty of an attempt to commit manslaughter, but earnestly recommend him to the mercy of the court, believing that the higher penalties inflicted for the actual committal of such offenses, would be more severe than the circumstances attending the case would require." This verdict was returned in writing; whereupon the court asked the jury, "if they found the accused not guilty of an assault and battery, with intent to kill and murder, and found him guilty of an assault in the attempt to commit manslaughter? to which they responded, without being polled, in the affirmative. And thereupon the verdict of the jury was entered of record as follows: "We, the jury, find the defendant not guilty of an assault with intent to kill and murder, as charged, but guilty of an assault in the attempt to commit manslaughter on Jacob Webster."

Afterwards, when the minutes were read on the succeeding day, it was moved by counsel for the plaintiff in error, to amend the same by inserting the verdict first offered in writing as above stated, in lieu of the one appearing on the record as stated in answer to the inquiry of the court. This motion was overruled by the court, and exceptions filed; and this ruling of the court is first assigned for error here.

We deem it only necessary to say, in reference to this assignment, that it presents no ground for reversal. The entry in the record is in accordance with the ascertained views of the jury; and it was competent for the court to make such inquiry as would enable it to comprehend the intention and will of the jury in reference to their finding, when, in the opinion of the court, there was any doubt or uncertainty in the language employed by them.

The second and third grounds of error insisted on are, that the court erred in giving, refusing and modifying the instructions asked by the parties.

We have carefully examined the several instructions asked, given, refused and modified, and are satisfied that the plaintiff in error has no right to complain in this respect.

The remaining grounds of error are, the refusal of the motions for a new trial, and in arrest of judgment. These may be

considered together, as the main point relied on is the same in each.

It is urged, under these two last assignments of error, that the defendant was convicted of an offense not embraced in the indictment, under an erroneous instruction of the court.

By the sixth instruction the jury were informed, that if they believed from the evidence, a given state of facts stated in the instruction, "they must find the defendant guilty as charged in the indictment, *or* of shooting in the attempt to commit manslaughter, according as they might believe the fact to be." The jury found "the defendant not guilty of an assault with an attempt to kill and murder, as charged, *but guilty of an assault* in the attempt to commit manslaughter on Jacob Webster."

The question presented is, whether the verdict sufficiently finds an offense known to our laws, and embraced in the indictment under consideration. It is insisted, that no such offense as that described by this verdict is embraced in the *statute.* This may be admitted, without in any manner affecting the validity of this verdict, or the judgment pronounced upon it.

Generally, where an accusation includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime, and convict him of the less atrocious. Wharton's Amer. Cr. L., § 384.

Of this the books give numerous instances. A common illustration is, that of an indictment for assault and battery, or an assault with intent to kill, where the defendant may be convicted of assault and battery, or of assault alone. Wharton's Amer. Cr. L., § 385, and numerous cases cited in notes; and §§ 560, 565.

Even where the indictment on its face is for a *complete felony,* while at common law, it has been doubted whether a conviction could be had for the constituent misdemeanor in some of the states, yet, under our statute, Code, 622, § 305, express provision is made, that even in cases of a complete felony, charged in the indictment, the defendant may be convicted of any inferior constituent misdemeanor or offense, necessarily included in the offense charged in the indictment.

In the case before us, the plaintiff in error was charged in the indictment with an assault with intent to kill. The jury find him guilty of an "*assault*," and add words descriptive of no other offense known to the law, but explanatory of the character of the "assault," to wit, "in the attempt to commit manslaughter on Jacob Webster." That an "*assault*" is included in every "*assault with intent to kill*," cannot be denied; and that the jury may so find under an indictment for the greater offense, even in case of felony, we have shown. The only objection, therefore, to this finding, is the addition of the descriptive words. If these words had been descriptive of another offense known to our laws, either not included in the offense charged in this indictment, or if so included, subject to a different mode or degree of punishment- than the offense of an aggravated assault, we admit there would be more force in the argument here insisted on. But it is not perceived how the verdict of the jury can be vitiated by the unnecessary detail of the circumstances of the assault, where these descriptive circumstances after all but make the same offense in law. To say that the "*assault*" was committed in the attempt to commit manslaughter, gives character to the "*assault*" in point of aggravation, but does not make it any more or less than an "*assault*" in law, than if they had said the defendant committed an assault in attempting to go to church. The evidence, in the view we have taken of this case, fully justifies the verdict of the jury; and we think there was no error in overruling these motions for a new trial, and in arrest of judgment.

Let the judgment be affirmed.