DAN BRYANT, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An affidavit by defendant for a continuance in a criminal case, on account of the absence of witnesses for the defendant should allege that the witnesses were absent without the consent of the defendant, either directly or indirectly given.

2. An affidavit of the character mentioned in the preceding head-note, on account of the greater temptation to delay, should be more closely scrutinized in a criminal than in a civil case.

3. In applications for continuances much must be left to the discretion of the court to which they are addressed.  A writ of error will not be sustained on account of a refusal to grant a continuance unless it is a plain and palpable instance of the arbitrary and oppressive exercise of the power vested by law.

4. This court can not consider an assignment of error unless the action of the court below alleged as error affirmatively appears of record.

5. It is not error to refuse to give the jury an instruction requested by the defendant when the court has already given the same matter in his general charge to the jury, and instructed them fully and correctly upon the same subject-matter.

6. It is not error to refuse a request by the defendant to instruct the jury "that reasonable doubt need not arise from the whole evidence, but may arise from a part or parcel thereof."  A reasonable doubt can not arise from considering "a part or parcel" of the testimony.   The reasonable doubt which the law requires shall acquit a defendant is one that arises in the minds of the jury after considering, comparing and weighing all the testimony in the case.

7. This court can not find any error in the refusal of the Circuit Court to give to the jury an instruction requested by the defendant, where such instruction is based upon an alleged admission of the State Attorney, and the record does not show that any such admission was made, and such admission only appearing as recited in the instruction requested and refused.

8. Until a verdict is received and recorded by the court it is still within the control of the jury, and they may, if they see fit, alter or amend it either with or without the suggestion of the court.

9. A verdict in a criminal case should be certain, positive and free from all ambiguity and obscurity, and until it is received and recorded the court may suggest to the jury an amendment in the form of their verdict. A verdict thus amended, assented to by the jury, and received and recorded, becomes their verdict in the case.

10. It may be a sufficient verdict in a murder case to say: "We, the jury, find the prisoner guilty of murder in the first degree;" but it is more safe and certain to use the word "defendant," instead of "prisoner," and to state the name of the defendant in the verdict. A direction by the court to the jury who returned a verdict in the form above given to the effect that if they intended to find the prisoner guilty of murder in the first degree, to name the prisoner in their verdict, is not error.

Writ of error to the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*J. H. Curry* for Plaintiff in Error.

*William B. Lamar, Attorney General*, for the State.

LIDDON, C. J.:

The plaintiff in error was indicted in the Circuit Court of Marion county for the murder of Moses Williams. At a trial had at the Spring term, 1894, he was convicted of murder in the first degree and sentenced to death. He assigns the following errors as having been committed by the court below: 1st. Refusing motion for a continuance. 2nd. That proper oath was not administered to jurors. 3rd. Refusal of court to give charges asked for by defendant. 4th. In ordering the jury to retire and consider a second verdict. We consider these assignments in their numerical order. The first was upon the refusal of the court to grant a continuance. This motion was upon the ground of the absence of witnesses. The affidavit of the defendant stated that defendant is charged with murder in the first degree; that the indictment upon which he is to be tried was found at the last term of this court; that he had no knowledge of said indictment until a few weeks ago, when he was arrested; that since that time he has been confined in the common jail of this county; that on last Saturday he was arraigned and a subpœna was issued for his witnesses; that Grace Brookes, of High Springs, Fla., and Tom Crawford, of Early Bird, Fla., are material witnesses for his defense, and he can not safely go to trial without said witnesses; that he has exercised due diligence to obtain the attendance of said witnesses, that said witnesses have left the places of their last residence, and affiant can not at present produce them in court, but believes that he can have them by the next term of this court; that he expects to and can prove by said witnesses that he was one-fourth of a mile from the place of the homicide of which he is charged with

committing at the time it occurred; that this affidavit is not made for delay, but in good faith. Examination of this affidavit shows that it fails in several particulars to comply with the rule well established in this court in such cases. It should have alleged that the absent witnesses were absent without the consent of the defendant, directly or indirectly given. All the allegations of fact of the affidavit may be true, and yet it may also be true that the defendant procured the absence of the witnesses named for the purpose of obtaining a continuance. It is even made probable by the record that the defendant was not willing to make the necessary allegations that the witnesses were absent without his procurement, knowledge or consent. The court in overruling the continuance made an order as follows: As it does not appear from the foregoing affidavit that the absent witnesses are not absent by the consent or procurement of defendant Bryant, nor that he can not prove the same facts by other witnesses, and that Will Keys, one of the witnesses summoned by him and present will not testify to the same facts as the absent witnesses, and it appearing from the statement of the sheriff that the absent witnesses are nomadic in their habits, traveling from one phosphate camp to another, the application for continuance, on the grounds of their absence, is refused. This order of the court in plain terms informed the defendant of the defects in his affidavit. Yet he made no effort to amend it after being advised of the defects therein. The only reasonable conclusion is that the facts did not warrant him so to do, and that he did not desire to comply with the requirements of the law. That the affidavit offered was fatally defective, is made apparent by reference to the case of Harrell vs. Durrance, 9 Fla., 490. An affidavit of this character,.

on account of the greater temptation to delay, should be more closely scrutinized in a criminal than in a civil case. Gladden vs. State, 12 Fla., 562. The affidavit states that a subpœna had been issued for the witnesses named, but contains no statement of the inability of the sheriff to find them. The record shows no return of the sheriff upon the subpœna, or indeed that any subpœna was issued at all. In applications for a continuance much must be left to the discretion of the court to which they are addressed. Circumstances occurring before the court often indicate whether such motions are made in good faith, and a writ of error will not be sustained on account of a refusal to grant a continuance unless it is a plain and palpable instance of the arbitrary and oppressive exercise of the power vested by law. Gladden vs. State, 12 Fla., 562; Blige vs. State, 20 Fla., 742; Ballard vs. State, 31 Fla., 266, 12 South. Rep., 865. We do not think that the ruling complained of was any abuse of the discretionary power of the court.

The second assignment of error alleges that the proper oath was not administered to the jury. The record shows that the jury were duly elected and accepted upon the panel, and were thereupon duly sworn. Counsel for plaintiff in error in his brief claims that an irregular oath was administered to the jurors upon their *voir dire.* But we can not consider a matter not appearing at all in the record, and shown only by counsel in his brief.

The third assignment is that the court erred in not giving the charges to the jury that were requested by the defendant. The record shows that the defendant requested three charges which were refused by the court. The first charge requested was as follows: "Before you find the defendant guilty you (must) be-

lieve that he is guilty beyond a reasonable doubt." This undoubtedly is a correct proposition of law, but the record shows that the court had already charged the jury to the same effect, enumerating the law upon the subject of reasonable doubt, more fully and more favorably for the defendant than is stated in the charge requested. To have given the charge requested would have been a useless repetition. It was no error to refuse this charge. Sherman vs. State, 17 Fla., 888; Carter vs. State 22 Fla., 553. The second charge asked for was "that reasonable doubt need not arise from the whole evidence, but may arise from a part or parcel thereof." This second charge requested was improper. If given it would have been a misstatement of the law, and would have misled the jury. It would have created upon their minds the erroneous impression that they could consider some isolated fact or circumstance to generate a doubt as to the defendant's guilt, without considering it in connection with the other evidence, or considering the whole evidence together. The true rule is that a reasonable doubt can not arise from considering a "part or parcel" of the testimony. It is the duty of the jury to "carefully, impartially and conscientiously consider, compare and weigh all the testimony," and the reasonable doubt which the law requires shall acquit the defendant is one that arises in their minds after such careful, impartial and conscientious consideration, comparing and weighing of all the testimony in the case. Earnest vs. State, 20 Fla., 383; Lovett vs. State, 30 Fla., 142, text page 162 *et seq.*, 11 South. Rep., 550. The third charge requested by the defendant was, "that to go on with the trial where a continuance is asked, the State admitted the facts alleged in the affidavit to be true." The record does not show

any such admission as is alleged against the State. We can not find the fact that such an admission was made, from a mere statement of defendant in a request for an instruction to the jury. The probability is that the court below refused the charge because it did not admit the fact to be as alleged. Unless it affirmatively appeared of record, otherwise than by a request for an instruction to the jury, we can not find that such an admission as is stated was made in the court below. McNealy and Roulhac vs. State, 17 Fla., 198. There was no error in refusing to give this charge.

The fourth error assigned is that "the court erred in ordering the jury to retire and consider a second verdict." It appears from the bill of exceptions in this case that the jury after retiring and considering of their verdict, returned the following verdict: "We, the jury, find the prisoner guilty of murder in the first degree. C. C. Freeman, foreman." The State Attorney objected to this verdict because it did not give the name of the person convicted, and before the verdict was received by the court, and before the jury were discharged, it directed the jury to retire, and if they agreed to return a verdict of guilty of murder in the first degree against the prisoner, to name the prisoner in their verdict. Whereupon the jury again retired, and then returned into court the following verdict: "We, the jury, find the defendant Dan Bryant guilty of murder in the first degree. C. C. Freeman, foreman." It is very generally held that until a verdict is received and recorded by the court, it is still under the control of the jury. Until its receipt and record any one or more of the jury may dissent from it, and it is within their power to amend it, either with or without the suggestion of the court. Of course the court can not suggest any alteration in substance, but

only in form. Grant vs. State, 33 Fla., 291, 14 South. Rep., 757; 1 Chitty's Crim. Law, page 648. If there is any informality, uncertainty or impropriety about a verdict, the court may require the jury to amend it before they separate. Wharton's Crim. Pl. & Pr., sec. 751 (8th ed); Gipson vs. State, 38 Miss., 295; Sledd vs. Commonwealth, 19 Gratt., 813. In a case of an amendment of this character in Georgia, where the facts were very similar to the case at bar, there was but slight if any difference between the verdict as amended and as it was originally presented, it was held that the amending was really the act of the jury, and not of the court. Cook vs. State, 26 Ga., 593, text 602. The court may always before its receipt and record suggest to the jury an amendment in form of their verdict, and the verdict as thus amended, assented to by the jury, received and recorded by the court becomes the verdict of the jury. State vs. Waterman, 1 Nev., 543. A verdict should be certain, positive and free from all ambiguity and obscurity. State vs. Coon, 18 Minn., 518, text page 523, citing Archbold's Criminal Prac. & Pleading. We see but small reason to amend the verdict under consideration. The first verdict was that the jury found "the prisoner" guilty without naming him. This very question has, however, been passed upon by the Supreme Court of South Carolina. In State vs. Blackledge, 7 Rich., 338, the court say: "The second ground refers to an amendment of the verdict directed to be made by inserting the name of the defendant, he having in the verdict first announced been designated as 'the prisoner.' The amended verdict was signed by the foreman and published in the presence of all the jury before they had left the box. The consent and approval of the jury was manifest. The effect of the amendment was simply

to furnish that designation, by a reference to the verdict alone, which was susceptible of ascertainment by reference to the whole record of the proceeding amounting to a certainty that well might have precluded any benefit or advantage to the prisoner had it remained.    Be this as it may, the amendment was in accordance with the practice of many years,'' etc.. While the first verdict in this case may have been sufficient, and in such form that the court would have been compelled to receive it if the jury had insisted upon it and refused to make the amendment, yet upon the other hand, the amended verdict is in much better form, more safe and more certain.    It is much better to name the party on trial, ''the defendant'' than the ''prisoner.''    Unless the verdict has a caption giving the title of the cause, it is made more definite and certain by giving the name of the defendant.    In tender ness of human life we have given this point thoughtful consideration.    There is no possibility that any injury could have happened to the plaintiff in error by the amendment of the verdict.    If there was any doubt or uncertainty about the verdict the jury ought to have been instructed to amend it.    The original verdict found ''the prisoner guilty of murder in the first degree.''    If there was no doubt as to the person intended, then the original verdict would justify the sentence which the court has passed upon the defendant.    Therefore we can not see that there was any error in permitting the amendment to the verdict, or that the defendant was in any way injured by the same.

The defendant in his motion for a new trial in the Circuit Court alleged as one of the grounds therefor that the verdict of the jury was contrary to the evidence.    No assignment of error is predicated upon

refusing the motion for a new trial. According to the rule frequently asserted we would refuse to consider any matter not assigned as error. Without establishing any precedent, but in view of the momentous importance of this case, where human life is involved, we have felt it our duty to examine the evidence taken at the trial. Without entering into any detailed statement of the same it is sufficient to say that it fully sustains the verdict of the jury.

There is no error in the record. The judgment of the Circuit Court is affirmed.