SIMON REYES, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a criminal prosecution a plea "that at the time of the finding of said indictment, the said defendant was and still is adjudged and decreed to be insane by a court of competent jurisdiction" is properly overruled on demurrer, as the statutes of this State which prescribe the mode of procedure in adjudging persons to be insane by their terms do not apply to persons charged with criminal offenses who plead insanity.

2. The discretion of the trial court in permitting leading questions will not be reviewed on writ of error.

3. Where there is no objection to testimony and no motion to strike it, the appellate court will not consider errors assigned thereon.

2 S C

4. The statute requires the jury in finding a defendant guilty under an indictment for murder to ascertain by their verdict the degree of unlawful homicide of which he is guilty.

5. In a trial for murder the jury brought into court a verdict in form: "We the jury find the defendant guilty of murder as charged in the information, so say we all. C. R. P., Foreman." Whereupon the court enquired of the jury if they intended by their verdict to find the defendant guilty of murder in the first degree, or of a lower degree, and the jurors stating that they intended to convict him of murder in the first degree, the court instructed the clerk to prepare a form of verdict for the jury. Whereupon the clerk prepared the following verdict, viz:. "We, the jury, find the defendant, S. R., guilty of murder in the first degree as charged in the indictment, so say we all," which verdict being submitted to the jury in open court, in the presence of the defendant and his counsel, was signed by C. R. P. as foreman of the jury and handed to the clerk; whereupon the court ordered the clerk to poll the jury, which was done, and each juror answering that the verdict was his verdict, the same was then and there recorded, viz: "We, the jury, find the defendant S. R., guilty of murder in the first degree as charged in the indictment, so say we all. C. R. P., Foreman." Held, that as the verdict as brought into court by the jury found the defendant guilty of murder, no injury was done the defendant by the court asking the jury if they intended by their verdict to find the defendant guilty of murder in the first degree, or of a lower degree, and that no error was committed by the trial court in the proceedings taken to have the form of the verdict comply with the provisions of the statute as to verdicts of guilty under indictments for murder.

6. Assignments of error can not be considered by an appellate court when there is nothing in the transcript upon which they can be predicated.

7. Affidavits and other papers which are not a part of the record proper can not be considered by the appellate court

even though they are  copied into the transcript  unless they are incorporated in the bill of exceptions.

8.  In a criminal prosecution where the remarks of the  State Attorney in addressing the jury  appear to  have  been prompted by the previous conduct and remarks of counsel for the defendant, and the remarks objected to do not appear to have been prejudicial to the defendant the ruling of the court in refusing to stop the State Attorney is not erroneous.

This case was decided by Division A.

Writ of Error to the Circuit Court for Monroe County.

The facts in the case are stated in the opinion of the Court.

*Louis A. Harris,* for Plaintiff in Error.

*William H. Ellis,* Attorney-General, for the State.

WHITFIELD, C. J.   The plaintiff in error was indicted. tried and convicted of murder in the first degree and from a death sentence brings this writ of error.

The record shows that when arraigned "the said simon Reyes, defendant, in person and by his attorney, L. A. Harris, having heard the said indictment read for a plea in this behalf says: 1st. That at the time of the finding of the said indictment the said defendant was and now is insane.  2. And for a further plea in this behalf, the defendant by his attorney says: That at the time of the finding of the said indictment, the said defendant was and still is adjudged and decreed to be insane by a court

of competent jurisdiction." The State Attorney joined issue on the first plea and demurred to the second plea. The demurrer to the second plea was sustained. This is assigned as error.

Chapter 4357 acts of 1895, and Chapter 5264 acts of 1903, which amends section 2 of Chapter 4357, prescribe the mode of procedure in adjudging persons to be insane and as it is provided by section 6 of the act of 1895, that the provisions thereof shall not apply to persons charged with criminal offenses who pleaded insanity, the demurrer was properly sustained. Davis v. State, 44 Fla. 32, 32 South. Rep. 822.

An amendment to the record duly certified and by consent of the defendant made a part of the transcript here, shows that the issue of insanity of the defendant at the time he was called on to plead to the indictment, as made on the first plea above quoted, having been found against the defendant, he stood mute and refused to further plead to the indictment, whereupon the court ordered the clerk to enter a plea of not guilty for the defendant which was accordingly done.

At the trial a witness for the State through an interpreter was asked the question: "When Rosa said to you 'Me Mata,' when she said that, Rosa says: 'He has killed me,' is that correct?" The defendant objected to the question as leading, but the court overruled the objection, to which an exception was taken and error is assigned thereon. If this was a leading question its admission was not on that account error, as the discretion of the trial judge in permitting leading questions is not reviewable here. Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Schley v. State, 48 Fla. ..., 37 South. Rep. 518. No

objection was made to the answer given to the above question and there was no motion to strike it, so the error assigned thereon can not be considered here.

The fifth assignment is "that the court erred when the jury returned into court with a senseless verdict as follows, viz: 'We, the jury, find the defendant guilty of murder as charged in the information, so say we all,' by ordering the clerk to prepare a verdict (which was done) as follows, viz: 'We, the jury, find the defendant, Simon Reyes, guilty of murder in the first degree, as charged in the indictment. So say we all.' "

The transcript states that the jury brought into court a verdict in the following form: "We the jury find the defendant guilty of murder as charged in the information, so say we all. Charles R. Pierce, Foreman." "Whereupon the court enquired of the jury if they intended by their verdict to find the defendant guilty of murder in the first degree, or of a lower degree, and the jurors stating that they intended to convict him of murder in the first degree, the court instructed the clerk to prepare a form of verdict for the jury. Whereupon the clerk prepared the following verdict, viz: 'We, the jury, find the defendant, Simon Reyes, guilty of murder in the first degree as charged in the indictment, so say we all.' Which verdict being submitted to the jury in open court, in the presence of the defendant and his counsel, was signed by Charles R. Pierce as foreman of the jury and handed to the clerk. Whereupon the court ordered the clerk to poll the jury, which was done, and each juror answering that the verdict read was his verdict, the same was then and there recorded, viz: 'We, the jury, find the defendant Simon Reyes, guilty of murder in the first degree, as charged in

the indictment, so say we all.   Charles R. Pierce, Fore-
man.' "

The plaintiff in error contends that "if the first verdict
was a nullity and the case was still in the hands of the
jury, the court injured the defendant by making the en-
quiry of the jury if they intended by their verdict to find
the defendant guilty of murder in the first degree or of
a lower degree, because his language precludes the possi-
bility of an acquittal, and would seem to assume that the
jury must convict him of murder in the first degree pre-
ferably, or of murder in some degree, and would seem also
to· bar the defendant of the right to a verdict of man-
slaughter."   As the verdict returned by the jury found
"the defendant guilty of *murder* as charged," the enquiry
of the court "if they intended by their verdict to find the
defendant guilty of murder in the first degree, or of a
lower degree," could not have injured the defendant. The
verdict showed the jury had found the defendant guilty
of *murder* and the enquiry of the court was to enable him
to direct the *form* of the verdict to be submitted to the
jury for their approval.   In response to the enquiry of the
court the jurors stated "that they intended to convict
him of murder in the first degree." As instructed by the
court the clerk prepared "a form of verdict for the jury."
This "verdict being submitted to the jury in open court,
in the presence of the defendant and his counsel, was
signed by Charles R. Pierce as foreman of the jury and
handed to the clerk."   The jury was polled, "and each
juror answering that the verdict read was his verdict, the
same was then and there recorded, *viz*: 'We, the jury, find
the defendant, Simon Reyes, guilty of murder in first de-
gree, as charged in the indictment, so say we all. Charles
R. Pierce, Foreman.' " We are of opinion that no error

was committed by the trial court in the proceedings taken to have the form of the verdict comply with the provisions of the statute as to verdicts of guilty under indictments for murder. State v. Potter, 16 Kan. 80; Grant v. State, 33 Fla. 291, 14 South. Rep. 757, S. C. 23 L. R. A. 723; Bryant v. State, 34 Fla. 291, 16 South. Rep. 177; Pehlman v. State, 115 Ind. 131, 17 N. E. Rep. 270.

The sixth error assigned is: "That the court erred in allowing a juror disqualified by law, to-wit: Eddie Pinder, a deputy sheriff, to be duly accepted, empanelled and sworn on said jury." There is nothing in the bill of exceptions with reference to the disqualification of a juror and nothing in the record to show that this matter was presented to or passed upon by the trial court, and nothing appears on which this assignment of error can be predicated. Copied into the transcript between the record proper and the bill of exceptions are two affidavits and other papers upon the subject of the juror Eddie Pinder being a deputy sheriff, but these affidavits and papers do not appear to have been acted on by the trial court, and if they had been they can not be considered here as they are not properly a part of the record proper and they are not included in the bill of exceptions. Reeves v. State, 29 Fla. 527, text 533, 10 South. Rep. 901; McSwain v. Howell, 29 Fla. 248, text 255, 10 South. Rep. 588; Merchants Nat. Bank v. Grunthal, 38 Fla. 93, ... South. Rep.

The seventh error assigned is "that the court erred in not restraining State Attorney, upon objection and request of counsel for accused, from abusing the privilege of argument, as appears in the bill of exceptions."

The bill of exceptions states that "during his argument to the jury in this case, the State Attorney called one of the jurors, Charles R. Pierce, by name and addressed him

personally in substance as follows: You, Mr. Pierce, because Mr. Harris, attorney for the defendant heard you say on your voir dire 'that you would not convict in a capital case upon circumstantial evidence' he seemed to make his entire argument upon circumstantial evidence to you. Here counsel for accused objected and requested the court to stop the State Attorney from abusing the privilege of argument.' And stated 'that it was in direct violation of law, and that there was a decision of our Supreme Court against such proceedings.' Whereupon the court did not stop the State Attorney, but said: 'I know of no such authority (and here the court saves counsel for the accused his exception)."

The remarks of the State Attorney objected to seem to have been prompted by the previous conduct and remarks of counsel for the defendant; and as the trial judge overruled the objection, the remarks complained of must be held to have been justified by the previous conduct and remarks of defendant's counsel. The remarks objected to do not appear to have been so prejudicial to the defendant as to make the ruling of the court error.

The verdict is sustained by the evidence.

The judgment is affirmed at the cost of Monroe county, the plaintiff in error being insolvent.

CARTER and SHACKLEFORD, JJ., concur.

TAYLOR, P. J., and COCKRELL and HOCKER, JJ., concur in the opinion.